UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Willie J. Haskett**, # 92611,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**Alvin S. Glenn Detention Center**; and<br>**William Reto**, Captain at Alvin S. Glenn Detention Center,<br><br>　　　　　　　　　　Defendants. | C/A No. 6:07-0269-RBH-WMC<br><br><br><br>**Report and Recommendation** |

# *Background of this Case*

The plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against the Alvin S. Glenn Detention Center and a Captain at the detention center. In the complaint, the plaintiff complains about his lack of access to the law library. The plaintiff also discloses that he is represented by an attorney in his pending criminal case. The plaintiff filed two grievances, both of which were denied. Part V (the "Relief" portion) of the complaint is left blank, except for the plaintiff's signature at the bottom of page 5 of the complaint form.

1

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (Entry No. 1) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal, notwithstanding the fact that the plaintiff filed two (2) grievances. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

  The "lead" defendant in the above-captioned case — the Alvin S. Glenn Detention Center — is subject to summary dismissal because it is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS®

9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf.* Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The plaintiff's claims relating to the law library are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). The holding in Magee v. Waters is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" Magee v. Waters, 810 F.2d at 452. *See also* Cruz v. Hauck, 515 F.2d 322, 331-333 (5th Cir. 1975), *cert. denied*, Andrade v. Hauck, 424 U.S. 917 (1976). In Cruz v. Hauck, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added). Since the plaintiff discloses, on page 4 of the complaint, that he is represented by an attorney

4

in his pending criminal case, the plaintiff is not constitutionally entitled to access to a law library as a pre-trial detainee.

Moreover, the plaintiff has not alleged a specific injury from his lack of access to law books at the Alvin S. Glenn Detention Center.  *See* Magee v. Waters, supra, 810 F.2d at 452 (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"); and Cruz v. Hauck, supra, 515 F.2d at 331-333 & nn. 16-18.  In other words, a plaintiff must show an "actual injury" resulting from the loss or absence of his or her legal materials.  *See* Peterkin v. Jeffes, 855 F.2d 1021, 1040-1041 & nn. 24-25, 1988 U.S. App. LEXIS® 11595 (3rd Cir. 1988); and Sands v. Lewis, 886 F.2d 1166, 1170-1171, 1989 U.S. App. LEXIS® 15046 (9th Cir. 1989)(collecting cases).[3]  *Cf.* Lewis v. Casey, 518 U.S. 343, 135 L.Ed.2d 606, 116 S.Ct. 2174, 1996 U.S. LEXIS® 4220 (1996). The obligation to provide legal assistance to the plaintiff rests with the State of South Carolina, not with the Alvin S. Glenn Detention Center.

The above-captioned case is also subject to summary dismissal because the plaintiff has requested no relief in Part V (the "Relief" portion) of the complaint.  In other words, the plaintiff has not disclosed what relief (if

---

[3]*See also* Harrell v. Keohane, 621 F.2d 1059 (10th Cir. 1980), and Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978).

5

any) he is requesting. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WESTLAW® 88804 (N.D.Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."). *See also* Public Service Co. v. United States Environmental Protection Agency, 225 F.3d 1144, 1148 n. 4, 2000 U.S.App. LEXIS® 22180 (10th Cir. 2000)(company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III). *Cf.* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]");[4] Neitzke v. Williams, supra, 490 U.S. at 322-330 (*held*: although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint, petition, or pleading may be dismissed); and United States v. Burlington Northern Railroad Co., 200 F.3d 679, 699, 1999 U.S.App. LEXIS® 33143 (10th Cir. 1999)(refusing to respond to party's "request for guidance in future

---

[4]Other portions of the decision in Herb v. Pitcairn have been superannuated by later case law. *See* Michigan v. Long, 463 U.S. 1032 (1983).

6

cases" because the request was "tantamount to a request for an advisory opinion").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.


February 12, 2007                s/William M. Catoe
Greenville, South Carolina       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## Post Office Box 10768
## Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).